## City of Columbus v. Kerr, et al.

(Decided December 15, 1911.)

### Appeal from Hickman Circuit Court.

Municipal Corporations—Duty of City Marshal in Respect to Collection of Taxes—Estoppel.—It is the duty of the marshal in a city of the fifth class under section 3629 of the Kentucky Statutes to collect as promptly as he can and within the time and manner provided by law, the taxes placed in his hands for collection. But when the city council appoints a committee, which takes possession of the tax books and refuses to return them to the marshal the council is estopped by the act of its committee from seeking to hold the marshal responsible for uncollected taxes that he might have collected except for its action.

J. M. BRUMMAL, JR. for appellant.

R. B. FLATT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On June 7, 1909, the appellee, Kerr, was appointed marshal of Columbus, a city of the fifth class, and on June 14th, he qualified by executing bond. Some time during the month of June and after his qualification, the taxes due the city for the year 1909, as well as the uncollected taxes for the year 1908, were placed in his hands for collection. On January 1st, 1910, Kerr resigned as marshal, and soon thereafter brought suit against the city to recover about one hundred dollars he alleged was due him on account of salary and commissions. To this suit the city filed an answer and counterclaim, seeking to charge Kerr on his bond as marshal with the amount of the taxes placed in his hands for collection that was uncollected by him when he went out of office. On a hearing of the case in equity, the lower court rendered a judgment for a small amount in favor of Kerr, and the city appeals.

Section 3629, of the Kentucky Statutes, a part of the charter of fifth class cities, provides that the marshal—

"Shall collect all taxes placed in his hands by the city council for collection."

Section 3644, provides that:

"The city council shall have power, and it shall be their duty, to provide by ordinance a system for the assessment, levy and collection of all city taxes not inconsistent with the provisions of this chapter, which system shall conform, as nearly as the circumstances of the case may permit, to the provisions of the.laws of this State in reference to the assessment, levy and collection of State and county taxes."

We do not find in the record any ordinance on this subject passed by the city council of Columbus, but the case was practiced as if such an ordinance had been enacted, and there is some evidence that the marshal could have collected the taxes placed in his hands or at least more than he did collect before January 1st, 1910. On January 1st, 1910, when Kerr resigned as marshal, the city council appointed a committee of two of its members to make a settlement with him, and this committee did make such a settlement and their settlement shows the amount of taxes collected, and the amount uncollected; and, further shows that the marshal paid over the amount he had collected. When this settlement was com-

pleted, the committee did not return to the marshal the tax books, but retained possession of them, or delivered them to the clerk of the city council, who kept them; and, although the marshal demanded the return to him of the books that he had placed in their hands for the purpose of making a settlement, they refused to deliver them to him.

The evidence is conflicting upon the subject as to whether the marshal could have collected during the time he had the books more taxes than he did. But, passing this, the principal question in the case is—was the marshal exonerated from the collection of the uncollected taxes by the failure and refusal of the committee to deliver to him the tax books. Of course, the marshal could not collect the taxes unless he had the tax books in his possession, and, if the committee appointed by the city council to settle with the marshal took possession of the books and refused upon demand to deliver them to him, it would seem that the city is not in a position to hold him responsible for his failure to collect taxes that it, through its agents, deprived him of the opportunity to collect. The city council had authority to remove the marshal at any time, and so had authority to take out of his hands at any time the collection of the taxes and the tax books; and also had the right to appoint a committee to take possession of the books.

There can be no doubt that it was the duty of the marshal to collect as promptly as could be done and within the time and manner provided by law, the taxes placed in his hands for collection, but as the ordinance relating to the collection of taxes is not in the record, we are unable to say what duty this ordinance imposed upon the marshal in respect to the collection of taxes. His contention is that when the tax books were taken out of his hands by the city council acting through its committee, and when a new marshal was appointed in his place, he was not only deprived of the power to collect taxes thereafter, but that the duty of collecting the taxes was put upon his successor in office. While the city insists that the committee had no authority to take possession of the tax books longer than was necessary to enable them to make a settlement with the marshal, and when this settlement was made the marshal should have taken such action as was necessary to recover from the committee the tax books, so that he might continue the collection of

the taxes.   If the marshal had no right to collect taxes after his term had expired, or after his successor in office had been elected or appointed, it would of course have accomplished no good if the tax books had been returned to him.   But we do not think it necessary on the state of the record to go into the question of the right of a marshal in a city of the fifth class to collect taxes after he has been removed and his successor appointed.   We think the case may very properly be affirmed upon the ground assigned by the lower court in its judgment, viz: That as the committee appointed by the city council took possession of the tax books and refused to deliver them to him, the council is estopped by the act of its committee from seeking to hold the marshal responsible for uncollected taxes that he might have collected except for its action.

Wherefore, the judgment of the lower court is affirmed.